

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

970 Broad Street, 7th floor
Newark, New Jersey 07102

973-645-2700

October 29, 2019

Kevin Carlucci, Esq.
Federal Public Defender
1002 Broad Street
Newark, New Jersey 07102

    Re: <u>Plea Agreement with ALISHAH FARMER</u>

Dear Mr. Carlucci:

    This letter sets forth the plea agreement between your client, ALISHAH FARMER, and the United States Attorney for the District of New Jersey ("this Office"). The Government's offer to enter into this plea agreement will expire on **November 15, 2019** if it is not accepted in writing by that date.

**Charge**

    Conditioned on the understandings specified below, this Office will accept a guilty plea from ALISHAH FARMER to an Information, which charges her with conspiring to commit theft of mail matter by a Postal Service employee, contrary to Title 18, United States Code, Section 1709, in violation of Title 18, United States Code, Section 371. If ALISHAH FARMER enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against ALISHAH FARMER for conspiring to steal and stealing credit cards and checks sent through the mail from in or about the October 2017 to in or about December 2018. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, ALISHAH FARMER agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date that this agreement is signed by ALISHAH FARMER may be commenced against her, notwithstanding the expiration of the limitations period after ALISHAH FARMER signs the agreement.

1

**Sentencing**

The violation of 18 U.S.C. § 371 charged in the Information to which ALISHAH FARMER agrees to plead guilty carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. A fine imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon ALISHAH FARMER is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representations or promises as to what guideline range may be found by the sentencing judge, or as to what sentence ALISHAH FARMER ultimately will receive.

Further, in addition to imposing any other penalty on ALISHAH FARMER, the sentencing judge: (1) will order ALISHAH FARMER to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order ALISHAH FARMER to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; and (3) may order ALISHAH FARMER, pursuant to 18 U.S.C. § 3555, to give notice to any victims of her offense.

Pursuant to 18 U.S.C. § 3583, the sentencing judge may require ALISHAH FARMER to serve a term of supervised release of not more than three years, which term will begin at the expiration of any term of imprisonment imposed. Should ALISHAH FARMER be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, ALISHAH FARMER may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, pursuant to 18 U.S.C. §§ 3663 et seq., ALISHAH FARMER agrees to make full restitution for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying those offense. ALISHAH FARMER further agrees that within ten (10) days of the execution of this plea agreement, she shall complete and submit the attached Financial Disclosure Statement provided by the United States (the "Financial Disclosure Statement"), along with all documents supporting her stated assets and liabilities. ALISHAH FARMER agrees to cooperate fully with Financial Litigation personnel of the Asset Recovery and Money Laundering Unit with respect to requests for additional information pertaining to the defendant's assets and liabilities.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on ALISHAH FARMER by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of ALISHAH FARMER's activities and relevant conduct with respect to this case.

## Stipulations

This Office and ALISHAH FARMER agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or ALISHAH FARMER from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentence proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and ALISHAH FARMER waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including, but not limited to, an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Immigration Consequences

ALISHAH FARMER understands that, if she is not a citizen of the United States, her guilty plea to the charged offense may result in her being subject to immigration proceedings and removed from the United States by making her deportable, excludable, or inadmissible, or ending her naturalization. ALISHAH FARMER understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities.

ALISHAH FARMER wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause her removal from the United States. ALISHAH FARMER understands that she is bound by this guilty plea regardless of any immigration consequences of the plea. Accordingly, ALISHAH FARMER waives any and all challenges to her guilty plea and to her sentence based on any immigration consequences, and agrees not to seek to withdraw her guilty plea, or to file a direct appeal or any kind of collateral attack challenging her guilty plea, conviction, or sentence, based on any immigration consequences of her guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against ALISHAH FARMER. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against ALISHAH FARMER.

No provision of this agreement shall preclude ALISHAH FARMER from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that ALISHAH FARMER received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the plea agreement between ALISHAH FARMER and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: JIHEE G. SUH
Assistant U.S. Attorney

APPROVED:

LEE M. CORTES, JR.
Deputy Chief, Special Prosecutions Division

5

I have received this letter from my attorney, Kevin Carlucci, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, restitution, stipulations, waiver, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 1/2/20
ALISHAH FARMER


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, restitution, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: 1/2/20
KEVIN CARLUCCI, ESQ.

6

Plea Agreement with ALISHAH FARMER

Schedule A

1.     This Office and ALISHAH FARMER recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and ALISHAH FARMER nevertheless agree to the stipulations set forth herein.

2.     The version of the United States Sentencing Guidelines, effective November 1, 2018, applies in this case.

3.     The applicable guideline is U.S.S.G. § 2B1.1. This guideline carries a Base Offense Level of 6. See U.S.S.G. § 2B1.1(a)(2).

4.     Specific Offense Characteristic § 2B1.1(b)(1)(D) applies because the amount of loss was more than $40,000 but less than $95,000. The offense level is therefore increased by 6 levels.

5.     The offense involved 10 or more victims. Thus, Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(2)(A)(i) applies. The offense level is therefore increased by 2 levels.

6.     U.S.S.G. § 3B1.3 applies because ALISHAH FARMER abused a position of public trust in a manner that significantly facilitated the commission or concealment of the offense. The offense level is therefore increased by 2 levels.

7.     As of the date of this letter, ALISHAH FARMER has demonstrated a recognition and affirmative acceptance or personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if ALISHAH FARMER's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

8.     As of the date of this letter, ALISHAH FARMER has assisted authorities in the investigation or prosecution of her own conduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in ALISHAH FARMER's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) ALISHAH FARMER enters a plea pursuant to this agreement, (b) this Office in its discretion determines that ALISHAH FARMER's acceptance of responsibility has continued through the date of sentencing and ALISHAH FARMER therefore qualifies for a 2-point reduction pursuant to U.S.S.G. § 3E1.1(a), and (c) ALISHAH FARMER offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

9.      In accordance with the above, the parties agree that the total Guidelines offense level applicable to ALISHAH FARMER is 13 ("the agreed total Guidelines offense level").

10.     Pursuant to Title 18, United States Code, Section 3553(a), ALISHAH FARMER reserves the right to move for a downward variance. This Office reserves the right to oppose such a motion. The parties agree not to seek or argue for any upward or downward departure, adjustment, or variance not set forth herein.

11.     ALISHAH FARMER knows that she has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including, but not limited to, any appeal under 18 U.S.C. § 3742 or a motion under 18 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 13. This Office will not file any appeal, motions or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 13. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

12.     Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motions not barred by the preceding paragraph.